# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARTY CHILDS**                                                                 **PLAINTIFF**

**V.**                                                                             **NO. 4:05CV227-M-B**

**COX COMMUNICATIONS**                                           **DEFENDANT**

## ORDER

Defendant has filed a motion to dismiss in which it alleges that it is an out-of-state corporation which has been improperly named as a defendant and that it has not been properly served. In the court's view, defendant's arguments have been improperly raised in a conclusory fashion, lacking in any supporting information regarding what defendant's true corporate name and address for service of process might be. Indeed, plaintiff asserts in his response that defendant has persistently refused to let him know what its proper corporate name might be. Plaintiff asserts that he witnessed men driving a vehicle with a "Cox Communications" sign digging holes in his yard and that he later injured his knee by stepping in one of the holes. Plaintiff further asserts that he took good-faith actions to ascertain the true name of defendant, including by calling the "Cox Communications" name listed in his local phone book and on his bills.

The court has little patience with this game of corporate hide-and-seek, particularly considering that plaintiff does appear to have taken good faith steps to ascertain defendant's true name. The court would submit that this is an issue which is routinely handled as a matter of courtesy among counsel, and it is suggested that the parties confer regarding defendant's true name

and thereupon substitute defendant's true corporate name for the one listed on the complaint.

As far as the service of process issue, it is apparent that defendant managed to answer and remove this case within a month of its original filing, and it thus seems clear that notice was in fact received. Under these circumstances, the court will be strongly disinclined to grant the dismissal requested by defendant. At any rate, defendant has failed to present any evidence regarding its true name and address, and, given the lack of supporting proof regarding the particulars of the service of process issue, the court concludes that the motion to dismiss should be dismissed without prejudice. Defendant may re-file its motion at a later date if it so chooses, but it is submitted that its hyper-technical approach to this litigation may ultimately prove counter-productive. The court would note that plaintiff has requested that sanctions be awarded for its costs in responding to defendant's motion, but this request will be denied at this juncture.[1]

It is therefore ordered that the motion to dismiss [4-1] is dismissed.

SO ORDERED, this 18th day of April, 2006.

   /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**

---

[1] The court would also note that the Magistrate Judge Bogen recently imposed sanctions against defense counsel for failing to appear at a discovery conference.